**Tovia LAFAELE, Plaintiff—Appellant,**

v.

**R. GARNICA, Defendant—Appellee.**

No. 01–16959.

D.C. No. CV–01–00846–FCD.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2002 *.

Decided July 29, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Malepeai's request for oral argument is denied. His request for appointment of counsel to argue the appeal is likewise denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

## MEMORANDUM **

Tovia Lafaele, a California state prisoner, appeals pro se the judgment of the district court dismissing his action without prejudice for failure to exhaust administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm.

The district court properly dismissed the action pursuant to *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Lafaele's claim that exhaustion was not required because his action involved only statutory construction lacks merit. *See id.* at 741 n. 6 ("an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues"); *see also Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002) (holding that the PLRA requires exhaustion for all inmate suits about prison life).

We reject Lafaele's remaining contentions as lacking merit.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).